IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RICHARD B. BAYSON,

Plaintiff,

vs.

SOUTHEAST COMMUNITY
COLLEGE, et al.,

Defendants.

8:26-CV-56

ORDER

The plaintiff, undeterred by the dismissal of his previous lawsuit against the defendants (case no. 8:25-cv-575), has filed a new complaint alleging he was denied procedural due process by the defendants' failure to follow grievance procedures he says would have allowed him to challenge his dismissal from two separate academic programs. *See* filing 1. And he's filed a motion for preliminary injunctive relief demanding immediate reinstatement to one of those programs. Filing 6. The Court will deny his motion.

A preliminary injunction is an extraordinary remedy and the party seeking injunctive relief bears the burden of proving that the relevant factors weigh in their favor. *MPAY Inc. v. Erie Custom Comput. Applications, Inc.*, 970 F.3d 1010, 1015 (8th Cir. 2020). Plaintiffs seeking a preliminary injunction must establish four factors showing such relief is warranted: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Id.* (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)).

Application of those factors in this case readily establishes that the plaintiff is not entitled to preliminary injunctive relief. Start with the

likelihood of success on the merits, which is the most significant factor. *Laclede Gas Co. v. St. Charles Cty.*, 713 F.3d 413, 419-20 (8th Cir. 2013). The absence of a likelihood of success on the merits suggests that preliminary injunctive relief should be denied. *Barrett v. Claycomb*, 705 F.3d 315, 320 (8th Cir. 2013).

And that means establishing a causal relationship between the injury claimed in the plaintiff's motion and the conduct asserted in the complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Pavek v. Simon*, 467 F. Supp. 3d 718, 763 (D. Minn. 2020); *see Hale v. Wood*, 89 F.3d 840 (8th Cir. 1996). A preliminary injunction that bears no relationship to the claims and events alleged in the complaint would be unworkable, as the issues giving rise to that injunction would not be addressed, let alone resolved, at trial. *Zhou v. Int'l Bus. Machs. Corp.*, 167 F. Supp. 3d 1008, 1011 (N.D. Iowa 2016).

Stated another way, a plaintiff can't ask to be given relief, *before* prevailing on his claims, that he wouldn't even be entitled to *after* prevailing on his claims. The purpose of a preliminary injunction is "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits," *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)—not to resolve any and all disagreements the parties may have, whether or not they're presented by the pleadings.

And the operative complaint here asks for money damages. Filing 1 at 4. The Court is unpersuaded that squeezing "appropriate injunctive and equitable relief" into the bottom right corner of a page is sufficient to present reinstatement to a community college respiratory therapy program as prayed-for relief. Nor is the Court persuaded that reinstatement could ever be an appropriate remedy. The gravamen of the plaintiff's claim, with respect to the respiratory therapy program, is that he wasn't told how to challenge his failing grades. Filing 1 at 10. The equitable remedy for that, even if it presented a

- 2 -

successful due process claim, would be permitting the plaintiff to challenge his grades, not to assume a successful outcome for the challenge.

The same principles suggest another problem with the plaintiff's motion: The nature of the relief he's requesting, which is to *compel* action, not enjoin it. As previously noted, the primary function of a preliminary injunction is to preserve the status quo until, upon final hearing, a court may grant full, effective relief. *Rathmann Grp. v. Tanenbaum*, 889 F.2d 787, 789-90 (8th Cir. 1989); *Ferry-Morse Seed Co. v. Food Corn, Inc.*, 729 F.2d 589, 593 (8th Cir. 1984). Where the status quo is a condition of rest, and continuing to rest will cause irreparable harm, the Court *may* enter a mandatory preliminary injunction. *See Ferry-Morse*, 729 F.2d at 593.

But courts have applied more stringent requirements to the granting of a mandatory preliminary injunction than a prohibitory preliminary injunction. *Id.*; *cf. Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 486 (8th Cir. 1993). Because a mandatory injunction requires the Court to command the defendant to take a particular action, mandatory preliminary writs are ordinarily viewed cautiously and issued sparingly. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Generally speaking, ordering a party "to take affirmative action . . . goes beyond the purpose of a *preliminary* injunction." *Sanborn Mfg.*, 997 F.2d at 490 (emphasis in original).

That's particularly problematic here, where what the plaintiff wants is something he can't be forced to give back. The burden on a movant for preliminary injunction is particularly heavy where granting the injunction will give the movant substantially the relief he would obtain after trial on the merits. *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998); *see also Noem v. Haaland*, 542 F. Supp. 3d 898, 911 (D.S.D. 2021). There is, as a practical matter, nothing "preliminary" about the injunction the plaintiff is

- 3 -

seeking—the plaintiff could, conceivably, finish the program he seeks restoration to before this case proceeded to trial on the merits.

The Court has serious reservations about the plaintiff's claim on the merits. The full procedural safeguards of the fourteenth amendment are inapplicable if a student is dismissed from a state educational institution for failure to meet academic standards. *Schuler v. Univ. of Minn.*, 788 F.2d 510, 514 (8th Cir. 1986) (citing *Bd. of Curators v. Horowitz,* 435 U.S. 78 (1978)). Dismissal for academic reasons satisfies procedural due process if the student had prior notice of faculty dissatisfaction with his performance and of the possibility of dismissal, and if the decision to dismiss the student was careful and deliberate. *Id.* And while the plaintiff claims to have been uninformed regarding his impending failure and the means to address it, the procedures he says he didn't know about were part of college policy and are attached to his complaint. *See* filing 1 at 13-36. The Court is skeptical, at this point, that his instructors were obliged to provide him with the necessary forms when information about the process was readily available to him.

The doctrine of res judicata also poses a serious threat to the plaintiff's claim. The claim preclusion principle of res judicata prevents the relitigation of a claim on grounds that were raised or could have been raised in the prior suit. *Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004); *see Brownback v. King*, 141 S. Ct. 740, 747 n.3 (2021). A three-part inquiry is undertaken to determine whether res judicata applies: (1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the prior judgment was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases. *Banks*, 390 F.3d at 1052. The first two

requirements are clearly met. *See Brownback*, 141 S. Ct. at 748 (ruling under Rule 12(b)(6) that plaintiff has no cause of action is ruling on the merits).

With regard to the third requirement of res judicata, the Restatement (Second) of Judgments provides that when a judgment extinguishes the plaintiff's claim, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. *Banks*, 390 F.3d at 1052. What factual grouping constitutes a "transaction," and what groupings constitute a "series," are determined pragmatically, giving weight to factors such as whether the facts are related in time, space, origin, or motivation; whether they form a convenient trial unit; and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. *Id.* In short, a claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim. *Id.*; *see Brownback*, 141 S. Ct. at 747 n.3; *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1594–95 (2020); *see also United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723, 1730 (2011).

The Court need not conclusively resolve that issue at this point—while the Court *can* raise res judicate *sua sponte*, it must be cautious in doing so. *See Arizona v. California*, 520 U.S. 392, 412-13 (2000). But it's another reason why the plaintiff's likelihood of success on the merits is dubious.

Touching base with the remaining *Dataphase* factors: A preliminary injunction cannot issue without a showing of irreparable harm. *Dataphase*, 640 F.2d at 114 n.9. To show a threat of irreparable harm, the movant must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief. *Roudachevski*, 648 F.3d at 706. Stated differently, the harm "must be actual and not theoretical." *Packard Elevator v.*

- 5 -

*I.C.C.*, 782 F.2d 112, 115 (8th Cir. 1986). Irreparable injury must be *likely* in the absence of an injunction. *Winter v. Nat. Res. Defense Council, Inc.,* 555 U.S. 7, 22 (2008). The Court questions whether the plaintiff could suffer irreparable harm now in the absence of a preliminary injunction restoring him to a program he failed in 2023. *See* filing 1 at 10. As to the balance of harms, the Court disagrees with the plaintiff that the defendants would not be harmed by an injunction directing them to resume the education of a student who failed to successfully complete their academic programs. Nor would the public interest be served by compelling a public institution to devote time and resources to a potentially unqualified student.

On balance, the applicable factors weigh against preliminary injunctive relief. Accordingly,

IT IS ORDERED that the plaintiff's motion for a preliminary injunction (filing 6) is denied.

Dated this 18th day of February, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

- 6 -